UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Antone Porter,

                    Petitioner,          CV-09-1146 (CPS)

    - against -                          MEMORANDUM
                                         OPINION AND ORDER
United States of America,

                    Respondent.

----------------------------------------X
SIFTON, Senior Judge.

        Petitioner Antone Porter was convicted on November 3,
2004 before the undersigned of conspiring to distribute and
possess with intent to distribute marijuana and cocaine base, in
violation of 21 U.S.C. §§ 846 and 841(b)(1).  On April 13, 2006,
petitioner was sentenced to 94 months in custody, to be followed
by a three year period of supervised release.  That sentence was
affirmed by the Second Circuit on December 14, 2007.

        On July 18, 2008, petitioner moved pursuant to 18
U.S.C. § 3582[1] to have his sentence reduced pursuant to the
United States Sentencing Commission's November 1, 2007 and May 1,
2008 amendments to Guideline § 2D1.1[2].  On December 23, 2008,

_____

        [1] 18 U.S.C. § 3582(c)(2) states: in the case of a defendant who has been
sentenced to a term of imprisonment based on a sentencing range that has
subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.
994(o), upon motion of the defendant or the Director of the Bureau of Prisons,
or on its own motion, the court may reduce the term of imprisonment, after
considering the factors set forth in section 3553(a) to the extent that they
are applicable, if such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission.

        [2] Those amendments generally reduced by two levels the base offense
levels applicable to crack offenses.

petitioner supplemented his motion to add a claim that his Pre-Sentence Report ("PSR") erroneously calculated his criminal history.  On February 23, 2009, I denied petitioners request on both grounds.

Petitioner now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising the following claims: (1) that defense counsel rendered ineffective assistance at sentencing by failing to object to certain errors in the PSR's sentencing calculations; and (2) that the sentencing errors themselves constitute independent grounds for relief under 28 U.S.C. § 2255.  For the reasons set forth below, petitioner's § 2255 application is granted with respect to the first ground, and denied as to the second ground.

**BACKGROUND**

Familiarity with the factual background of this matter is presumed based on the record of proceedings before the undersigned.  For a more complete description of the facts of this case, *see U.S. v. Porter*, No. 03-CR-00910 (CPS), 2009 WL 455475 (E.D.N.Y. Feb. 23, 2009).

Defendant was arrested on August 13, 2003 and indicted on August 7, 2004 on one count of drug conspiracy.  The original indictment was superceded by an October 15, 2004 indictment, which named the defendant on an identical count, and on November

3, 2004, defendant was convicted of one count of conspiracy to distribute and to possess with intent to distribute cocaine base and marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(iii) and (b)(1)(D) (iii). The jury found that the drug quantity involved as to defendant was more than 0.25 grams of cocaine base.

On June 30, 2005, I sentenced defendant to the mandatory minimum sentence of ten years (120 months) with 5 years supervised release. Considering the trial evidence as well as evidence from the plea-allocutions of defendant's co-defendants, I found, by a preponderance of the evidence, that the amount of cocaine base involved in the conspiracy was more than 50 grams. I calculated that defendant's base offense level was 32 due to his participation in a conspiracy involving more than 50 grams of cocaine base, which was reduced to 28 in light of defendant's minimal level of participation, pursuant to United States Sentencing Guideline ("U.S .S.G.") § 3B1.2. Given defendant's criminal offense history level of VI, the resulting Guidelines sentencing range for the narcotics offense was 140 to 175 months imprisonment. I chose to impose a non-Guideline sentence because I found that the recommended Sentencing Guidelines range substantially overstated the seriousness of cocaine base offenses, when compared with offenses involving comparable quantities of powder cocaine. Applying a 10- or 20-to-1 ratio of

cocaine base to powder cocaine rather than a 100-to-1 ratio, I determined that defendant's base offense level was 24 after the U.S.S.G. § 3B1.2 reduction, resulting in a sentencing range of 100 to 125 months. After taking into consideration the § 3553(a) factors, I concluded that the mandatory minimum sentence of 120 months, followed by five years of supervised release and a special assessment of $100, was sufficient but not greater than necessary to accomplish the objectives of sentencing.

Thereafter, the Second Circuit decided *United States v. Gonzales*, 420 F.3d 111 (2d Cir. 2005), in which it held that a statutory mandatory minimum sentence can only apply if the drug quantity is proven to a jury beyond a reasonable doubt. The government consented to a remand for re-sentencing in light of Gonzales. On April 13, 2006, I re-sentenced defendant to a 94-month prison term, three years of supervised release, a $100 assessment fee, and no fine. In determining this sentence, I used a Sentencing Guideline level of 24 without objection from either party. I reached this level using the same Sentencing Guidelines calculations and the same downward departure from the Guidelines range to account for the adjusted ratio between crack cocaine and powdered cocaine that I used at the June 30, 2005 sentencing. In light of defendant's criminal offense history level of VI, the resulting Guidelines sentencing range for the narcotics offense was 100 to 125 months imprisonment. After

considering the § 3553(a) factors, I concluded that a sentence at the bottom end of this range was sufficient.  However, I noted that had I imposed this sentence at the original June 30, 2005 sentencing hearing, six months of defendant's state court sentence, which he served, would have been credited against the sentence I imposed.  Therefore, I imposed a reduced sentence of 94 months, to be followed by a three-year period of supervision and a $100 special assessment fee.

On April 20, 2006, petitioner appealed his conviction and amended sentence to the Second Circuit Court of Appeals. That appeal was denied on November 19, 2007*. See U.S. v. Antone Porter*, No. 06-1957-CR, 2007 WL 4103679 (2d Cir. Nov. 19, 2007). The United States Supreme Court denied certiorari on March 17, 2008.  *Porter v. U.S.*, 128 S.Ct. 1690 (2008).

On November 1, 2007, Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1 took effect.  Amendment 706 generally reduced by two levels the base offense levels applicable to crack offenses.  On December 11, 2007, the United States Sentencing Commission (the "Sentencing Commission") voted to apply the amendments to U.S.S.G. § 2D1.1 retroactively, effective March 3, 2008.  The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, which implemented the retroactive application of amended U.S.S.G. § 2D1.1, as of March 3, 2008.

On July 18, 2008, petitioner moved pursuant to 18 U.S.C. § 3582[3] to have his sentence reduced pursuant to the United States Sentencing Commission's amendments to Guideline § 2D1.1. On December 23, 2008, petitioner supplemented his motion with the claim that his Pre-Sentence Report ("PSR") had erroneously incorporated a juvenile conviction and thus incorrectly calculated his criminal history. On February 23, 2009, I denied both of petitioner's claims. Regarding the Sentencing Guideline's amendments to Guideline 2D1.1, I found that the disparity between Guideline sentences for cocaine base and powder cocaine offenses had already been taken into account at defendant's April 13, 2006 sentencing, and thus a further reduction of defendant's sentence was not appropriate. Regarding the petitioner's claim that the sentencing calculation was incorrect, I construed his claim as one under Rule 35(a)[4] and denied it as time-barred.

Petitioner filed the instant motion on March 17, 2009.

---

[3] 18 U.S.C. § 3582(c)(2) states: in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[4] Fed. R. Crim. Proc. 35(a) provides that "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

## DISCUSSION

In this petition to vacate, set aside, or correct petitioner's conviction pursuant to 28 U.S.C. § 2255,[5] petitioner raises two claims: 1) that he was deprived of the effective assistance of counsel at sentencing, in violation of his rights under the Sixth Amendment; and (2) that the misapplication of the sentencing guidelines itself constitutes an independent ground for relief.

Relief "is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. U.S.*, 83 F.3d 587, 589 (2d Cir. 1996) (internal quotation marks and citation omitted).

*I. Timeliness*

_____

[5] 28 U.S.C. § 2255 states in relevant part that:
  (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
  (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(f) requires § 2255 motions to be made within a one-year period of limitation. That period of limitation can run from the latest of several dates; only one of which is relevant here: "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1). "[A] judgment of conviction becomes final for purposes of § 2255 when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Burrell v. U.S.*, 467 F.3d 160, 164 (2d Cir. 2006) (internal quotation marks and citation omitted). The judgment here became final on March 17, 2008, when the Supreme Court denied certiorari. The instant petition is thus timely.

## II. *Requirement that Claims Be Raised on Direct Appeal*

Claims generally may not be asserted in a habeas petition unless the petitioner first raised the claim on direct review. *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). "The writ of habeas corpus and its federal counterpart 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.'" *Alfano v. U.S.*, 555 F.2d 1128, 1130 (2d Cir 1977) (citing *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947)), and therefore if a claim has not been raised on direct review, the petitioner is deemed procedurally

defaulted unless he can establish either (1) "cause" for the
failure to bring a direct appeal and "actual prejudice" from the
alleged violations; or (2) "actual innocence." *Zhang v. U.S.*,
506 F.3d 162, 166 (2d Cir. 2007) (citing *Bousley v. United
States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828
(1998)). "To satisfy the 'cause' requirement, the petitioner
must show circumstances 'external to the petitioner, something
that cannot be fairly attributed to him.' " *Rosario-Dominguez v.
United States*, 353 F. Supp. 2d 500, 508 (S.D.N.Y. 2005) (quoting
*Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993) and
*Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115
L.Ed.2d 640 (1991)).

However, this general rule does not apply to claims of
ineffective assistance of counsel. See *Massaro v. United States*,
538 U.S. 500, 505-06, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).
*See also Johnson v. U.S.*, 313 F.3d 815 (2d Cir. 2002) (holding
challenge to Guidelines calculation on § 2255 petition was not
barred despite petitioner's failure to raise issue on direct
appeal because the challenge took the form of an ineffective
assistance claim). "[S]ince many defendants are represented by
the same attorney at trial and on direct appeal, it would be
unrealistic to expect that attorney to identify and attempt to
persuade an appellate court that he/she had committed errors of a
constitutional magnitude entitling the client to a new trial."

*Bloomer v. U.S.*, 162 F.3d 187 (2d Cir. 1998).

While petitioner timely appealed the district court's imposition of a sentence of 94 months, he did not at that time allege that the guidelines calculation misstated his criminal history level. *See Brief of Defendant Appellant,* Nos. 06-1499-cr(L), 06-1957-cr(con), 06-1964-cr(con), 2006 WL 5517234 (2d Cir. Aug. 28, 2006). Thus, petitioner would be procedurally barred from raising the sentencing errors as an independent ground for § 2255 relief, absent a showing of cause and prejudice. Even assuming cause and prejudice existed for petitioner's his failure to timely raise those claims on direct appeal, such a claim is both made moot by my granting petitioner's motion on other grounds. However, in the alternative, no cause and prejudice existed for petitioner's failure to raise those claims on appeal and they are thus procedurally barred.

## III. Ineffective Assistance of Counsel

When a defendant claims ineffective assistance of counsel, the Second Circuit uses the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate the claim. *See, e.g.*, *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001). To establish a claim for constitutionally ineffective counsel, petitioner must prove two elements: (1) "the

attorney's performance fell below an objective standard of reasonableness" and (2) "the outcome of his case would have been different had the attorney performed adequately." *U.S. v. Perez*, 129 F.3d 255, 261 (2d Cir. 1997) (internal citation omitted).

Petitioner has a heavy burden in establishing the first element, as "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "The proper standard for attorney performance is that of reasonably effective assistance." *Id.* at 687. "The performance inquiry is contextual." *Purdy v. U.S.*, 208 F.3d 41, 44 (2d Cir. 2000). "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Strickland*, 466 U.S. at 688-689. Review of attorney conduct must not be based on hindsight. *Id.* at 689. An attorney who forgoes other potentially successful strategies is not constitutionally ineffective on that ground and a court must presume that, "under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted).

After establishing "cause," petitioner must then establish that he was actually prejudiced by these errors.

"[E]rror by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. "To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1422 (2009) (internal quotation marks and citation omitted).

"There is no reason for a court deciding an ineffective assistance claim... to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697; *see also Hemstreet v. Greiner*, 491 F.3d 84, 91 (2d Cir. 2007), *cert. denied*, 128 S.Ct. 962 (2008). Accordingly, a court may decline to consider the prejudice prong if a defendant failed to demonstrate that counsel performed below an objective standard of reasonableness. *See U.S. v. Vegas*, 27 F.3d 773, 778 (2d Cir. 1994), *cert. denied*, 513 U.S. 911 (1994). More likely, since "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," a court may address the prejudice prong without resolving whether counsel's performance was deficient. *Strickland*, 466 U.S. at 697.

A.   *Errors at Sentencing Can Qualify as Ineffective*
     *Assistance*

Where a defendant can demonstrate a reasonable probability
that his sentence was increased due to counsel's errors, even
relatively short increases in the ultimate sentence received will
suffice to show *Strickland* prejudice.  *Glover v. U.S.*, 531 U.S.
198, 203 121 S.Ct. 696, 700 (2001).  That is, a defendant need
not demonstrate any particularly lengthy increase in the ultimate
sentence received. *Id.*

However, an attorney's failure to object to a guidelines
miscalculation is not in itself necessarily sufficient to
demonstrate ineffective assistance of counsel, even where the
calculation error is blatant.  There must be a showing that the
ultimate sentence would have in fact been lower.  For instance,
in *Mayo v. U.S.*, the Second Circuit denied a claim of ineffective
assistance made in a 2255 petition where defense counsel had
failed to object to the courts use of the wrong year's verison of
the guidelines, and the appropriate version dictated a slightly
lower sentencing range:

> Even if this lapse falls below the applicable standard,
> [petitioner] cannot show that he was prejudiced. Even under
> the pre-1989 versions of the Guidelines, [he] could have
> been sentenced to 50 months. Moreover, Judge Parker
> explicitly stated at the sentencing hearing that his
> decision to impose a 50-month sentence was not based on
> where that sentence fell in the continuum of minimum and
> maximum sentences authorized by the 1992 Guidelines, but
> rather that 50 months was simply "an appropriate sentence,

given all the circumstances." Judge Parker could as easily
have imposed the same sentence under the pre-1989
Guidelines. [Petitioner] therefore suffered no harm from the
application of the 1992 Guidelines.

*Mayo v. U.S.*, 99 F.3d 400 (2d Cir. 1995).

Here there is little question that the failure to

object to a miscalculation of the petitioner's Guidelines range

would affect the ultimate sentence. I explicitly imposed a

sentence at the very bottom end of the guideline range; had the

range been lower, it is likely that the ultimate sentence would

have been lower as well. I turn then to each of the specific

errors of defense counsel which are alleged by the petitioner in

order to determine whether defense counsel's conduct fell below

an objective standard of reasonable representation.


B.   *The Alleged Errors In the Instant Case*

Petitioner claims his counsel made three specific

errors at sentencing: (1) a failure to object to the inclusion of

two juvenile convictions, which together resulted in the addition

of three points to petitioners criminal history score; (2)

failure to object to the addition of two criminal history points

erroneously added for the instant offense having been committed

while petitioner was on parole or probation; and (3) erroneously

calculating the time petitioner had spent in state custody for

which he was not going to be given credit. Only the first two

have merit.

*1. Failure to object to the inclusion of two juvenile convictions*

§ 4A1.2(d)(2) of the Sentencing Guidelines[6] permits a defendant's criminal history score to be increased based on for juvenile offenses only where the defendant was released from confinement for the juvenile offense within five years of the commencement of the instant offense.  The government concedes here that commencement of the instant offense occurred more than five years after petitioner's release for the juvenile convictions.  There is no plausible strategic reason for defense counsel to have failed to object to the erroneous inclusion of petitioner's juvenile convictions in his Guideline calculation. Rather, the failure to object to the inclusion of those criminal history points was simple error, and falls below any "objective standard of reasonableness."  *U.S. v. Perez*, 129 F.3d at 261.

In addition, as described above, it is almost certain that the ultimate sentence "would have been different had the attorney performed adequately" here.  *U.S. v. Perez*, 129 F.3d at 261.  The erroneous inclusion of three criminal history points

_____

[6]§ 4A1.2(d)(2) provides:
(A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;
(B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

for petitioner's juvenile convictions raised his criminal history
from level V to level VI,[7] and resulted in petitioner's
sentencing range being increased to 100 to 125 months, instead of
92 to 115 months. "[A]ny amount of actual jail time has Sixth
Amendment significance," *Glover v. U.S.*, 531 U.S. 198, 121 S.Ct.
696 (2001) (finding counsel's failure to present grouping-of-
offenses argument at sentencing, which may have resulted in
increase in petitioner's sentence of between 6 and 21 months,
satisfied prejudice prong of *Strickland*), and thus counsel's
error clearly satisfies both prongs of *Strickland.*

> *2. The addition of two criminal history points added
> for the instant offense having been committed while
> petitioner was on parole or probation*

§ 4A1.1(d)(d)(2) of the Sentencing Guidelines provides
that a defendant's criminal history score is increased by two
points if "the defendant committed the instant offense while
under any criminal justice sentence, including probation, parole,
supervised release, imprisonment, work release, or escape
status." Petitioner's PSR states that he was paroled on December
27, 2000, that parole was revoked on September 20, 2001, and that
he was discharged from custody on October 11, 2002. January 13,
2005 Pre-Sentence Report p. 15 ¶ 52. Since the Government

---

[7] Including the three erroneous points, petitioner had 13 criminal
history points. 13 points or greater puts a defendant in Criminal History
Category VI under the Sentencing Guidelines. Criminal history points between
10 and 12 would put a defendant in Criminal History Category V.

concedes that petitioner's involvement in the instant offense did not commence until November 2002, petitioner was not in fact on parole or probation at the time of the instant offense. There is thus no apparent reason for defense counsel to have failed to object to the inclusion of the two additional criminal history points that were added pursuant to U.S.S.G. § 4A1.1(d)(d)(2).

The inclusion of those points clearly affected petitioner's ultimate sentence; had they not been included he would have been in Criminal History Category IV, rather than V or VI. If the court had calculated petitioner's sentence in Criminal History Category IV, with a base offense level of 24, his Guideline range would have been 77 to 96 months and there is a reasonable probability that this court would have imposed a sentence at or near the bottom of the corrected range, 77 months.

> *3. Erroneously calculating the time petitioner had spent in state custody for which he was not going to be given credit.*

Petitioner's final asserted error is that defense counsel miscalculated the time petitioner had spent in state custody for which he was not going to be given credit. When I first imposed petitioner's sentence on June 30, 2005, he was currently incarcerated and serving a State sentence. I stated that the instant sentence would be served concurrently with the undischarged portion of that State sentence. *See* June 30, 2005

hearing transcript at 31:2-4.

At the time of petitioner's resentencing on April 16, 2006, I was concerned that petitioner not be penalized any way for the delay from his first sentencing. My concern arose out of the fact that where a defendant is simultaneously serving a State sentence and awaiting sentencing on a federal offense, the Bureau of Prisons typically does not give credit for time the defendant spent in custody serving the state sentence until after the defendant is sentenced for the federal offense. Thus, it seemed likely that the delay in sentencing from June 2005 to April 2006 would result in petitioner not being given credit toward fulfilling the instant sentence for that period of time.

The situation was made more complicated by the fact that the petitioner had in fact finished serving his State sentence in between the time I first imposed a sentence on June 30, 2005, and before the re-sentencing of April 16, 2006. Thus, I could not simply have deducted that entire period of time (roughly nine and a half months) from the sentence I imposed on April 16, because the time after completion of the State sentence would already be counted toward petitioner's instant sentence, and thus deducting the entire nine-and-a-half months would have resulted in a double-counting of some number of months. Accordingly, I asked the parties precisely how much time had elapsed following the June 30, 2005 sentencing and prior to

petitioner completing his State sentence. Both defense counsel
and the Government reported the time in question was six months.
That figure was accurate, as petitioner had completed serving his
State sentence on December 22, 2005, which is almost exactly six
months after June 30, 2005.[8]

In fact, contrary to the understanding of both parties,
the Bureau of Prisons treated petitioner as serving his federal
sentence for the instant offense beginning on June 30, 2005 --
the date of his first sentencing. Thus, the fact that he was
still serving his State sentence for six months following the
first sentencing hearing of June 30, 2005 was entirely
irrelevant. In fact, petitioner was not in any way prejudiced by
the delay before resentencing, and it was thus not necessary to
reduce his sentence by any amount to correct for such prejudice.
Consequently, defense counsel did not err in miscalculating the
number of uncredited months because there were no uncredited
months. Accordingly, his claim of ineffective assistance on this
ground is unwarranted.[9]

---

[8] It was in fact just shy of six months, but for simplicity's sake I
gave petitioner credit for the entire six months.

[9] The misunderstanding on the part of both petitioner and the Government
seems to have arisen out of the fact that petitioner was given no credit
toward the satisfaction of the instant sentence for the time he spent serving
his state sentence that *predated* the June 30, 2005 sentencing, a period of
some eleven months. But that was precisely my intent when I imposed the
instant sentence to be served concurrently with the *undischarged* portion of
petitioner's State sentence. *See* June 30, 2005 sentencing hearing transcript
at 31:2-4.

**II. Sentencing Errors as Independent Grounds for § 2255 Relief**

Because I find that petitioner received ineffective assistance of counsel resulting in sentencing errors, the question of whether those errors would constitute an independent ground for § 2255 relief is moot. However, in the alternative, I find that such claims are procedurally barred for petitioner's failure to raise them on appeal. "Claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, . . . absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal." *Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996). To overcome the procedural default of not having raised the claims on direct appeal, a § 2255 petitioner must be able to show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error, *Campino v. United States*, 968 F.2d 187, 190 (2d Cir. 1992), or demonstrate that he is actually innocent of the crime for which he has been convicted. *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citing *Shlup v. Delo*, 513 U.S. 298, 321 (1995)). Mere "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Marone v. U.S.*, 10 F.3d 65

(2d Cir. 1993) (citing *Coleman v. Thompson*, 111 S.Ct. 2546, 2566-67 (1991).

Petitioner has not alleged that he is in fact innocent of the crime for which he has been convicted, nor has he alleged cause and prejudice for failing to raise the claims on direct appeal. As a result, the only remaining avenue through which to challenge the sentencing errors is through an ineffective assistance claim; a direct challenge is now procedurally barred.

**CONCLUSION**

For the reasons set forth above, petitioner's request to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255 is granted to the extent the petitioner seeks resentencing. The parties are directed to appear before the undersigned on September 30, 2009 at 12:00 pm for sentencing. The Clerk is directed to provide a copy of the within to both parties.

SO ORDERED.

Dated:    Brooklyn, New York
          August 20, 2009

                    By:/s/ Charles P. Sifton (electronically signed)
                         United States District Judge